UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH P. ANISKO, )
      Plaintiff, )
 )    No. 1:10-cv-244
-v- )
 )    HONORABLE PAUL L. MALONEY
COMMISSIONER OF SOCIAL SECURITY, )
      Defendant. )
_____)

**OPINION AND ORDER**
**MODIFYING AND ADOPTING REPORT AND RECOMMENDATION**

Before this court is a Report and Recommendation issued by Magistrate Judge Scoville (ECF No. 13) recommending that the court vacate the Commissioner of Social Security's decision to deny Plaintiff Joseph Anisko's claim for disability insurance benefits and remand under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. The Commissioner objects to the magistrate judge's recommendation, and Mr. Anisko has filed a brief responding to the Commissioner's objections.

For the reasons discussed below, the court finds that the Report and Recommendation is to be accepted with slight modification. All but one of Defendant's objections are overruled, and the court will vacate the Commissioner's decision and remand.

**I.    STANDARD OF REVIEW**

Parties have 14 days to file written objections to the proposed findings and recommendations in a magistrate judge's report and recommendation ("R&R"). 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed, and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only specific objections are

entitled to *de novo* review under the statute, *see Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam), and the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Failure to object to an issue waives that issue, along with the party's right to appeal that issue. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice).

"This court's review of the Commissioner's decision is limited to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).  "Substantial evidence" is "more than a scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994).  So long as the Commissioner's decision is supported by substantial evidence, this court must affirm, even if substantial evidence also supports the opposite conclusion and even if the court would have decided the matter differently. *See Smith v. Chater*, 99 F.3d 780, 781–82 (6th Cir. 1996).

**II.     DISCUSSION**

Social Security Administration regulations require that an administrative law judge ("ALJ") provide "good reasons" for the weight she gives to a claimant's treating physicians.  20 C.F.R. § 404.1527(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.").  The Sixth Circuit has held that a failure to provide "good reasons" is reversible error. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).  At issue here are the opinions of two of Mr. Anisko's physicians, Drs. Duhn and Kryshak.  Between them, these doctors completed three different questionnaires related to Mr.

Anisko's claim. Dr. Duhn filled out a "Vertigo Residual Functional Capacity Questionnaire" on May 22, 2007, and Dr. Kryshak filled out two "Diabetes Mellitus Residual Functional Capacity Questionnaires," on March 8, 2007, and January 27, 2009, respectively. The ALJ's decision discussed only Dr. Duhn's questionnaire in any detail, though even this she misattributed to a Dr. Varda. The ALJ stated that she did not give controlling weight to this opinion because "[t]he evidence," which she addressed in detail, "does not support a condition that would require that frequency and number of absences." (ECF No. 13, at 18.) As for Dr. Kryshak's opinions, the ALJ merely described the 2007 questionnaire without attributing it to the doctor; she did not say what weight she placed on the questionnaire or why, and she did not even mention the 2009 questionnaire. In his Report and Recommendation, the magistrate judge found that the ALJ's decision failed to adequately address the doctors' opinions and must therefore be vacated. (ECF No. 13, at 9.)

Defendant objects to this conclusion on several grounds. First, Defendant argues that the magistrate judge should have simply affirmed after he found that the ALJ's ultimate opinion was substantially supported by the evidence. The Sixth Circuit has expressly rejected this argument, however, affirming the importance of such procedural requirements: "A court cannot excuse the denial of a mandatory procedural protection simply because . . . there is sufficient evidence in the record for the ALJ to discount the treating source's opinion." *Wilson*, 378 F.3d at 546. This objection is therefore OVERRULED.

Defendant next argues that the ALJ's decision did sufficiently address the doctors' opinions. First, Defendant argues that though the ALJ misattributed Dr. Duhn's opinion, she clearly addressed and rejected its contents. This is largely correct, but it is also consistent with the Report and Recommendation. As the magistrate judge noted, misattribution alone would not be cause for

3

reversal. And the ALJ did address the substance of Dr. Duhn's opinion. But, as the magistrate judge noted, pointing to evidence that contradicts a treating source's opinion is only the first step of the process. Under 20 C.F.R. § 1527(c)(2), a treating source's opinion controls so long as it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." *Id.* The ALJ's decision sufficiently explained why Dr. Duhn's opinion was not entitled to controlling weight here. But the regulation also states, "When we do not give the treating source's opinion controlling weight, we apply the factors listed in paragraphs (c)(2)(I) and (c)(2)(ii) of this section, as well as the factors in paragraphs (c)(3) through (c)(6) of this section in determining the weight to give the opinion." *Id.* The ALJ neither mentioned these factors nor explained just how much, if any, weight she did give to Dr. Duhn's opinion. Defendant's objection is therefore OVERRULED as to this issue.

As for Dr. Kryshak's opinion, Defendant admits that the ALJ failed to state how much weight she accorded it. Defendant argues, however, that this was harmless error. In *Wilson*, the Sixth Circuit discussed *Heston v. Commissioner of Social Security*, 245 F.3d 528 (6th Cir. 2001), as an example of harmless error. Though the ALJ being reviewed in *Heston* had failed to specifically address the claimant's physician's opinion, the court found that this failure was harmless because, "wittingly or not, the ALJ attributed to the claimant limitations consistent with those identified by the treating physician." *Wilson*, 378 F.3d at 547–48. Here, Dr. Kryshak's 2007 questionnaire stated (among other things) that Mr. Anisko could sit or stand for more than two hours straight, so long as he was not having balance problems. Dr. Kryshak's 2009 questionnaire went further, stating that Mr. Anisko could walk no more than six city blocks without rest, that he could stand or walk no more than two hours out of an eight-hour day, and that he needed 10–15 minutes

to walk around every three hours. The ALJ found Mr. Anisko subject to some of these limitations, holding that he had the capacity to perform sedentary work with "a sit/stand option every one to two hours," so long as the job involved "minimal head turning," and limited climbing, stooping, kneeling, crouching, and crawling. This description appears to have incorporated each of Dr. Kryshak's recommended limitations. The ALJ's failure to address Dr. Kryshak's opinions is therefore harmless error. Defendant's objection on this point is SUSTAINED.

Finally, Defendant suggests that the "good reasons" requirement may not even apply here. Because each doctor had only a limited opportunity to examine Mr. Anisko, Defendant argues, they may not even qualify as "treating sources" whose opinions were subject to the "good reasons" requirement. *See Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007) (noting that only treating sources are entitled to controlling weight under 20 C.F.R. § 404.1527(c)(2)). The relevant regulations define a "treating source" as a doctor who sees the claimant "with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for [the] medical condition." 20 C.F.R. § 404.1502. Even a "medical source who has treated or evaluated [the claimant] only a few times or only after long intervals" can be a treating source "if the nature and frequency of the treatment or evaluation is typical for [the claimant's] condition(s)." *Id.*

Dr. Kryshak easily meets this standard. On his 2007 questionnaire, Dr. Kryshak stated that Mr. Anisko had been his patient for the past 8–9 years. Though Mr. Anisko's disability appeal form could be read as stating that he first saw Dr. Kryshak in May 2006, this interpretation is far from clear.[1] In any case, the record shows a number of examinations with Dr. Kryshak between early

---

[1]This form states only that Mr. Anisko's first visit to "Michigan Medical" was in May 2006. It is not clear whether he ever saw Dr. Kryshak as part of a different medical practice.

5

2006 and January 2009, when the doctor filled out the second questionnaire. This pattern of treatment is more than sufficient to show that Dr. Kryshak is a "treating source."

Dr. Duhn presents a closer question. On his May 2007 questionnaire, Dr. Duhn stated that he had only seen Mr. Anisko in person once; the rest of his opinion was based on another doctor's medical charts. Though Defendant provides no evidence regarding the accepted medical practice for treating vertigo, these circumstances certainly raise a question as to whether, at that time, Dr. Duhn had seen Mr. Anisko "with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for [the] medical condition." 20 C.F.R. § 404.1502. Nevertheless, the ALJ appears to have taken Dr. Duhn's opinion as that of a treating source (though she misattributed the opinion to Dr. Varda).[2] It is not clear whether the ALJ's apparent ruling here is entitled to the same deference as her express rulings. But on further review of the record, it appears that the court need not decide the issue. On February 5, 2009, Dr. Duhn signed a letter stating that he had, at that time, been treating Mr. Anisko for "a couple years." In this letter, Dr. Duhn specifically references the May 2007 questionnaire and states his opinion that there has been "[n]o change in the restrictions listed" since then. This ratification of his earlier opinion, given after two further years of treatment, is sufficient to establish that Dr. Duhn is in fact a "treating source" as defined in 20 C.F.R. § 404.1502. Defendant's objection is therefore OVERRULED.

### III. CONCLUSION

As discussed above, this court finds that the ALJ's failure to address Dr. Kryshak's opinions

---

[2]Because only treating sources are entitled to controlling weight under 20 C.F.R. § 404.1527(c)(2), the ALJ's determination that the vertigo questionnaire was not entitled to controlling weight strongly suggests that the ALJ considered the opinion to be that of a treating source.

6

is harmless error. Otherwise, the magistrate judge's opinion—and his recommended disposition of this matter—stands as written. Because the ALJ failed to give "good reasons" for the weight she gave to Dr. Duhn's opinion, the court must vacate and remand so that she can do so. The court will therefore adopt the Report and Recommendation subject to the necessary modifications.

## ORDER

For the reasons discussed above, **IT IS HEREBY ORDERED** that

1. The report and recommendation (ECF No. 13) is **MODIFIED** by inserting the following as a footnote at the end of Discussion section 1:

   > *Though the ALJ's failure to address Dr. Kryshak's opinions is error, it appears to be a harmless one, as the ALJ ultimately imputed to Mr. Anisko each of the functional limitations prescribed by Dr. Kryshak. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547–48 (6th Cir. 2004) (citing *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528 (6th Cir. 2001)). This does not save the Commissioner from remand, however, because the ALJ's opinion is still reversibly deficient as to Dr. Duhn's opinions.

2. The report and recommendation, as modified, is **ACCEPTED**; and

3. The Commissioner's decision is **VACATED** and **REMANDED** under sentence four of 42 U.S.C. § 405(g) for further proceedings.

   **IT IS SO ORDERED.**

Date:  September 13, 2012                               /s/ Paul L. Maloney
                                                                              Paul L. Maloney
                                                                              Chief United States District Judge