UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH P. ANISKO,

        Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

Case No. 1:10-cv-244

Honorable Paul L. Maloney

**REPORT AND RECOMMENDATION**

This was a social security action brought under 42 U.S.C. § 405(g), seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claim for disability insurance benefits (DIB). On September 13, 2012, this court entered a judgment vacating the Commissioner's decision and remanding this matter to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. The matter is now before the court on plaintiff's motion for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (docket # 17). Defendant opposes an award of attorney's fees under the EAJA, on the ground that the government's position was substantially justified. (docket # 18). For the reasons set forth herein, I recommend that plaintiff's motion be denied.

**Discussion**

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . ., including proceedings for judicial review of agency

> action, brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A); *see Astrue v. Ratliff*, 130 S. Ct. 2521, 2525 (2010). The Sixth Circuit reviews district court decisions on motions for attorney's fees under the EAJA under an "abuse of discretion standard." *Damron v. Commissioner*, 104 F.3d 853, 855 (6th Cir. 1997); *see Ratliff v. Commissioner*, 465 F. App'x 459, 460 (6th Cir. 2012). The Court of Appeals has identified three conditions which must be met to recover attorney's fees under the EAJA: (1) the claimant must be a prevailing party; (2) the government's position must be without substantial justification; and (3) there are no special circumstances which would warrant a denial of fees. *See Marshall v. Commissioner*, 444 F.3d 837, 840 (6th Cir. 2006). Plaintiff is a prevailing party under this court's judgment remanding this matter to the Commissioner. *See Shalala v. Schaefer*, 509 U.S. 292, 298 (1993). Plaintiff is a financially eligible person under the EAJA.

Defendant opposes an EAJA award, asserting that the government's position was substantially justified. Defendant has the burden of demonstrating that the government's position was substantially justified. *See Scarborough v. Principi*, 541 U.S. 401, 414 (2004); *Peck v. Commissioner*, 165 F. App'x 443, 446 (6th Cir. 2006). The government's position is substantially justified if it is "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

Plaintiff is not entitled to EAJA attorney's fees simply because he obtained a decision from this court reversing the Commissioner's decision and remanding the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). *See Ratliff v. Commissioner*, 465 F. App'x at 460 ("The Commissioner's position may be substantially justified even if it is

rejected by the district court."); *accord Couch v. Secretary of Health & Human Servs.*, 749 F.2d 359, 360 (6th Cir. 1984) ("The fact that this court finds a decision of the Secretary not supported by substantial evidence is not equivalent to a finding that the position of the United States was not substantially justified.").

In this case, the court reversed the Commissioner's decision on procedural rather than substantive grounds. The ALJ's ultimate decision finding that plaintiff was not disabled was supported by substantial evidence. However, the ALJ's decision could not pass muster under Sixth Circuit precedent recognizing a separate procedural right: social security claimants are "entitled to receive good reasons for the weight accorded their treating sources independent of their substantive right to receive disability benefits." *Smith v. Commissioner*, 482 F.3d 873, 875-76 (6th Cir. 2007); *see Wilson v. Commissioner*, 378 F.3d 541, 544-45 (6th Cir. 2004). The ALJ's opinion was deficient in that it failed to provide "good reasons" for the weight she gave to a treating physician's opinions. (docket # 16 at 7, ID# 449). The court's task was determining whether the ALJ's error was harmless or not. Defendant presented significant factual and legal support for his position that the error was harmless. Although the court eventually held that the ALJ's error was not harmless and remanded the matter for further proceedings, the Commissioner's position was substantially justified. *See Ratliff v. Commissioner*, 465 F. App'x at 460; *Noble v. Barnhart*, 230 F. App'x 517, 520 (6th Cir. 2007); *see also Shrum v. Commissioner*, No. 10-13795, 2012 WL 5389584, at * 3 (E.D. Mich. Nov. 2, 2012) ("[I]t was reasonable for the Commissioner to defend the decision even though a procedural error resulted in remand for further fact finding.").

**Recommended Disposition**

For the reasons set forth herein, I recommend that plaintiff's motion (docket # 17) be denied.


Dated: January 3, 2013 /s/ Joseph G. Scoville
United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).