UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH P. ANISKO,
    Plaintiff,

-v-

COMMISSIONER OF SOCIAL SECURITY,
    Defendant.

No. 1:10-cv-244

HONORABLE PAUL L. MALONEY

## OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

Late last year, this court vacated the Commissioner of Social Security's decision to deny Plaintiff Joseph Anisko's claim for disability insurance benefits, remanding the matter for further proceedings under sentence four of 42 U.S.C. § 405(g). (ECF No. 16.) Mr. Anisko then asked the court to award attorney's fees under the Equal Access to Justice Act. Magistrate Judge Scoville has issued a Report and Recommendation ("R&R") recommending that the court deny Plaintiff's request (ECF No. 19), and Plaintiff has filed a timely objection (ECF No. 20).

For the reasons discussed below, the court will adopt the Report and Recommendation and deny Plaintiff's motion for attorney's fees.

**I.    STANDARD OF REVIEW**

Parties have 14 days to file written objections to the proposed findings and recommendations in a magistrate judge's report and recommendation ("R&R"). 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed, and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only specific objections are entitled to *de novo* review under the statute, *see Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam), and the statute does not "positively require[] some lesser review by the district court

when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to object to an issue waives that issue, along with the party's right to appeal that issue. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice).

## II. DISCUSSION

The Equal Access to Justice Act calls for the courts to award attorney's fees to a "prevailing party" in a suit against the United States (including decisions of the Commissioner of Social Security), unless "the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Here, Magistrate Judge Scoville found that while Mr. Anisko was a prevailing party, the Commissioner's position was substantially justified, and so he is not entitled to attorney's fees.

Mr. Anisko objects to this conclusion. He argues that the magistrate judge improperly based his ruling on the fact that this court remanded for procedural errors rather than substantive ones, and that, in any case, the substantial evidence on record strongly supports his claim.

This objection fails. The magistrate judge did not improperly deny fees simply because the Commissioner's decision was vacated on procedural grounds. Instead, the magistrate judge merely described the issue before the court before moving on to discuss the merits of the government's position. As he noted, the ultimate question in this case was not whether the Commissioner's decision was based on sufficient evidence—it was—but whether the Commissioner's failure to explain her decision was harmless error. This was not a foregone conclusion. The Commissioner had "presented significant factual and legal support for his position that the error was harmless." Though the court ultimately disagreed, the question was close enough that the magistrate judge found "the Commissioner's position . . . substantially justified." That is, the magistrate judge's

opinion was not based on the procedural nature of the error, but on the merits of the Commissioner's position. This was proper.

Further, this court agrees with the magistrate judge's conclusion. Though the Commissioner ultimately lost, this case was not so one-sided as to make his defense unreasonable. *See Pierce v. Underwood*, 487 U.S. 552, 565–66 (1988). The government's position was substantially justified. Mr. Anisko is therefore not entitled to attorney's fees.

## **ORDER**

For the reasons discussed above, **IT IS HEREBY ORDERED** that the report and recommendation (ECF No. 19) is **ADOPTED**, over objections, as the opinion of this court. Plaintiff's motion for attorney's fees (ECF No. 17) is **DENIED**.

**IT IS SO ORDERED.**

Date:   March 7, 2013                                        /s/ Paul L. Maloney
                                                                          Paul L. Maloney
                                                                          Chief United States District Judge